# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE ORTEGA, | )     Case No. EDCV 12-00876-JEM |
| Plaintiff, | ) |
| v. | )     MEMORANDUM OPINION AND ORDER<br>)     AFFIRMING DECISION OF THE<br>)     COMMISSIONER OF SOCIAL SECURITY |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | ) |
| Defendant. | ) |

## PROCEEDINGS

On June 1, 2012, Eddie Ortega ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits.  The Commissioner filed an Answer on September 12, 2012.  On November 27, 2012, the parties filed a Joint Stipulation ("JS").  The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 55 year old male who applied for Social Security Disability Insurance benefits on June 9, 2009, alleging disability beginning July 31, 2007.  (AR 10, 122-25.)  The ALJ determined that Plaintiff has not engaged in substantial gainful activity since July 31, 2007, the alleged onset date.  (AR 12.)

Plaintiff's claim was denied initially on June 18, 2009, and on reconsideration on December 17, 2009.  (AR 10.)  Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Michael D. Radensky on December 10, 2010, in San Bernardino, California.  (AR 10.)  Claimant appeared at the hearing and testified, and was represented by counsel.  (AR 10.)  Vocational expert ("VE") Troy L. Scott also appeared and testified at the hearing.  (AR 10.)

The ALJ issued an unfavorable decision on February 18, 2011.  (AR 7-22.)  The Appeals Council denied review on April 2, 2012.  (AR 1-4.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly considered Plaintiff's treating physician's opinion and properly developed the record.

2. Whether the ALJ properly considered the consultative examiner's findings.

3. Whether the ALJ provided a complete and accurate assessment of Plaintiff's residual functional capacity.

4. Whether there is a DOT inconsistency in the ALJ's holding that the Plaintiff can perform his past relevant work as a hospital custodian.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error.  Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846

1  (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and

2  based on the proper legal standards).

3        Substantial evidence means "'more than a mere scintilla,' but less than a

4  preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v.

5  Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

6  reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at

7  401 (internal quotation marks and citation omitted).

8        This Court must review the record as a whole and consider adverse as well as

9  supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where

10  evidence is susceptible to more than one rational interpretation, the ALJ's decision must be

11  upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

12  "However, a reviewing court must consider the entire record as a whole and may not affirm

13  simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882

14  (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495

15  F.3d 625, 630 (9th Cir. 2007).

16  **THE SEQUENTIAL EVALUATION**

17        The Social Security Act defines disability as the "inability to engage in any substantial

18  gainful activity by reason of any medically determinable physical or mental impairment which

19  can be expected to result in death or . . . can be expected to last for a continuous period of not

20  less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has

21  established a five-step sequential process to determine whether a claimant is disabled. 20

22  C.F.R. §§ 404.1520, 416.920.

23        The first step is to determine whether the claimant is presently engaging in substantial

24  gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging

25  in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137,

26  140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or

27  combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not

28  significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir.

1  1996).  Third, the ALJ must determine whether the impairment is listed, or equivalent to an

2  impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations.  Parra, 481 F.3d

3  at 746.  If the impairment meets or equals one of the listed impairments, the claimant is

4  presumptively disabled.  Bowen v. Yuckert, 482 U.S. at 141.  Fourth, the ALJ must determine

5  whether the impairment prevents the claimant from doing past relevant work.  Pinto v.

6  Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

7  Before making the step four determination, the ALJ first must determine the claimant's

8  residual functional capacity ("RFC").  20 C.F.R. § 416.920(e).  Residual functional capacity

9  ("RFC") is "the most [one] can still do despite [his or her] limitations" and represents an

10  assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

11  The RFC must consider all of the claimant's impairments, including those that are not severe.

12  20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

13  If the claimant cannot perform his or her past relevant work or has no past relevant work,

14  the ALJ proceeds to the fifth step and must determine whether the impairment prevents the

15  claimant from performing any other substantial gainful activity.  Moore v. Apfel, 216 F.3d 864,

16  869 (9th Cir. 2000).  The claimant bears the burden of proving steps one through four,

17  consistent with the general rule that at all times the burden is on the claimant to establish his or

18  her entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established

19  by the claimant, the burden shifts to the Commissioner to show that the claimant may perform

20  other gainful activity.  Lounsbury v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support

21  a finding that a claimant is not disabled at step five, the Commissioner must provide evidence

22  demonstrating that other work exists in significant numbers in the national economy that the

23  claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R.

24  § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and

25  entitled to benefits.  Id.

26  **THE ALJ DECISION**

27  In this case, the ALJ determined at step one of the sequential process that Plaintiff has

28  not engaged in substantial gainful activity since July 31, 2007, the alleged onset date.  (AR 12.)

4

At step two, the ALJ determined that Plaintiff has the following combination of medically determinable severe impairments: diabetes mellitus with peripheral neuropathy, right eye blindness, hepatitis C, and cirrhosis.  (AR 12.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments.  (AR 13.)

The ALJ then found that Plaintiff has the RFC to perform medium work with the following limitations:

> . . . the claimant can lift and/or carry 50 pounds occasionally and 25 pounds frequently; he can stand and/or walk for six hours out of an eight-hour workday with regular breaks; he can sit for six hours out of an eight-hour workday with regular breaks; he is unlimited with respect to pushing and/or pulling, other than as indicated for lifting and/or carrying; he can occasionally climb ropes, ladders, and scaffolding; he can frequently use fine and gross manipulation bilaterally; and no jobs that require binocular vision.

(AR 13.)  In determining this RFC, the ALJ also made an adverse credibility determination, which is not challenged.  (AR 15.)

At step four, the ALJ found that Plaintiff is capable of performing his past relevant work as a hospital custodian.  (AR 18.)

Consequently, the ALJ concluded that Claimant is not disabled within the meaning of the Social Security Act.  (AR 19.)

## DISCUSSION

The ALJ decision must be affirmed.  The ALJ properly discounted the opinions of Plaintiff's treating physician, Dr. James Crounse, and of the consulting examiner, Dr. Galina Khemlina.  The ALJ's RFC and step four finding that Plaintiff can perform his past relevant work as a hospital custodian are supported by substantial evidence.  The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**I.  THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

All of the issues raised by Plaintiff concern the ALJ's RFC.  An RFC is not a medical determination, but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses and subjective symptoms.  See SSR 96-5p; 20 C.F.R. § 1527(e).  In determining a claimant's RFC, an ALJ must consider all the relevant evidence in the record, including medical records, lay evidence and the effects of symptoms, including pain, reasonably attributable to the medical condition.  Robbins, 466 F.3d at 883.  Here, the ALJ's RFC is supported by substantial evidence.

**A.  The ALJ Properly Discounted The Opinions Of Plaintiff's Treating Physician And The Consulting Examiner**

The ALJ found that Plaintiff had the medically determinable severe impairments of diabetes with neuropathy, hepatitis C, cirrhosis, and right eye blindness.  (AR 12.)  The ALJ also found that Plaintiff had been treated for hypertension and drug and alcohol abuse, but these impairments were not severe.  (AR 12.)  The ALJ determined that no objective medical evidence supported Plaintiff's claim of arthritis.  (AR 13.)  Consequently, the ALJ assessed Plaintiff with a RFC for medium work with limitations.  (AR 13-14.)  In doing so, the ALJ rejected the opinion of Dr. Crounse, Plaintiff's treating physician, and the opinion of the consulting examiner, Dr. Galina Khemlina, to the extent inconsistent with the ALJ's RFC.  Plaintiff contends that the ALJ improperly discounted the opinions of these physicians.  The Court disagrees.

**1.  Relevant Federal Law**

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians:  (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians).  See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  In general, an ALJ must accord special weight to a treating physician's opinion because a treating

physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted).  If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830.  However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).  Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings.  See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632.  Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).  If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id.  However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

2.     The ALJ Properly Discounted The Opinion Of Dr. Crounse

Plaintiff's treating physician, Dr. James Crounse, filled out a Medical Opinion To Do Work-Related Activities (Physical) on September 22, 2010.  (AR 239-41.)  Dr. Crounse opined that Plaintiff cannot lift more than 20 pounds occasionally and 25 pounds frequently.  (AR 239.)

He indicated Plaintiff could stand and walk only two hours and sit four hours in an eight hour workday, but periodically alternate sitting, standing or walking to relieve discomfort.  (AR 239.) Plaintiff does not need to lie down during a work shift and frequently can twist, stoop, crouch, climb stairs, and climb ladders.  (AR 240.)  Dr. Crounse attributed Plaintiff's limitations to diabetes, hyperthyroidism, and a history of alcohol dependence.  (AR 240.)  He also found that reaching, handling, fingering, feeling, and pushing/pulling were affected by his impairments. (AR 240.)  Dr. Crounse found Plaintiff "has neuropathy and has difficulty with fine motor skills." (AR 240.)  Dr. Crounse also found Claimant's diabetes "uncontrolled" (AR 240) and believed Plaintiff would miss work more than three times a month.  (AR 241.)

The ALJ gave little weight to Dr. Crounse's disability opinion because Dr. Crounse's opinion does not document significant positive objective clinical or diagnostic findings, is not well supported with objective evidence, and is inconsistent with the record as a whole.  (AR 16, 17.)  An ALJ may reject a treating physician's opinion that is brief, conclusory and inadequately supported by clinical findings or when it is not supported by or contradicted by his own notes and clinical findings.  Batson v. Comm'r, 359 F.3d 1190, 1195 n.3 (9th Cir. 2003) (treating physician notes did not provide objective medical evidence of alleged limitations); Thomas, 278 F.3d at 957 (ALJ need not accept treating physician's opinion if inadequately supported by clinical findings); Johnson v. Shalala, 60 F.3d 1428, 1433 (9th Cir. 1995) (ALJ may disregard the internally inconsistent opinion of a treating physician).  The ALJ first noted the internal inconsistencies in Dr. Crounse's statement.  (AR 16.)  The ALJ observed that, notwithstanding the extreme limitations he assessed, Dr. Crounse stated Claimant need not lie down during work, can perform all postural activities frequently, and had no difficulty performing tasks around the house.  (AR 16.)  The ALJ also noted that Plaintiff received only routine, conservative treatment, consisting of medication and insulin to treat his impairments.  (AR 16.) Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001) (ALJ may discount a treating physician's disability opinion if he prescribed a conservative course of treatment).  Dr. Crounse's own findings are inconsistent with the limitations he assessed.

The ALJ also rejected Dr. Crounse's opinion because it was not consistent with the evidence of record as a whole.  (AR 17.)  The functional assessments of consulting examiner Dr. Khemlina and the State agency reviewing physicians Dr. To and Dr. Subin were entirely at odds with Dr. Crounse's.  Plaintiff argues that Dr. Crounse's opinion was consistent with Dr. Khemlina's but, as noted below, the ALJ properly discounted Dr. Khemlina's occasional push/pull limitations for lack of objective evidence and, in any event, Dr. Khemlina assessed Claimant with a medium RFC.  (Compare AR 173 with 239-41.)  The opinions of Dr. Crounse and Dr. Khemlina are not at all consistent.

Additionally, the ALJ made an adverse credibility determination (AR 15), which Plaintiff does not challenge.  An ALJ may reject a treating physician's opinion based on discredited subjective complaints.  Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001); Morgan, 169 F.3d at 602; Andrews, 53 F.3d at 1043.  Here, the ALJ cited inconsistent daily activities, which is a valid basis for discounting Plaintiff's credibility.  (AR 14-15.)  Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005).  The ALJ noted that Claimant engaged "in a somewhat normal level of daily activity and interaction."  (AR 14.)  The Claimant admitted to regular attendance at AA meetings, cooking, shopping, laundry, attendance at church, yard work, and riding a bike for exercise.  (AR 14-15.)  The ALJ also cited inconsistent daily activities in discounting Dr. Crounse's testimony.  (AR 17.)  The ALJ further noted in rejecting Dr. Crounse's opinion that Plaintiff was non-compliant with his medications and continued to drink when advised by doctors to abstain.  (AR 16.)  The failure to follow a prescribed course of treatment is a valid basis for discounting credibility.  Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008); Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989).

Plaintiff argues that the ALJ had a duty to re-contact Dr. Crounse to obtain clarification of his opinion.  The ALJ does have a duty to develop the record fully and fairly, but the duty to conduct an inquiry is triggered only when the evidence is ambiguous "or when the record is inadequate to allow proper evaluation of the evidence."  Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001).  Thus, the inconsistencies and inadequacies noted in Dr. Crounse's opinion are not what matters but the record as a whole.  Id. at 460 ("The record before the

Court was neither ambiguous nor inadequate to allow for proper evaluation of the evidence."). There is no duty to re-contact a doctor where "[t]he ALJ, with support in the record, found the evidence adequate to make a determination regarding . . . disability." Bayliss, 427 F.3d at 1217.  Here, the other physicians of record assessed Claimant with a medium RFC, evidence sufficient for the ALJ to make a disability determination.

Plaintiff asserts that the ALJ merely set forth a summary of conclusory reasons for rejecting Dr. Crounse's opinion, but the reasons cited by the ALJ are specific, legitimate reasons supported by substantial evidence.  As previously noted, the ALJ is responsible for resolving conflicts in the medical evidence.  Andrews, 53 F.3d at 1039.  Where the ALJ's interpretation of the evidence is reasonable, as is true here, it should not be second-guessed. Rollins, 261 F.3d at 857.

The ALJ rejected Dr. Crounse's opinion for specific, legitimate reasons supported by substantial evidence.

### 3. The ALJ Properly Discounted The Opinion Of The Consulting Examiner

The ALJ gave significant weight to the opinion of the internal medicine consulting examiner, Dr. Galina Khemlina.  (AR 18, 167-74.)  She diagnosed Claimant with diabetes with diabetic neuropathy, hepatitis (with liver cirrhosis), prosthesis of the right eye with right eye blindness, and hypertension.  (AR 18.)  The physical examination was otherwise unremarkable.  (AR 18.)  Dr. Khemlina opined that Claimant is able to lift and/or carry 50 pounds occasionally and 25 pounds frequently, and sit, stand and walk 6 hours in an eight hour workday.  (AR 18.)  Dr. Khemlina also assessed occasional push/pull limitations in Plaintiff's upper and lower extremities, and occasional manipulative limitations.  (AR 18.)

The ALJ, however, rejected Dr. Khemlina's occasional postural and manipulative limitations because those limitations were not supported by objective medical evidence.  (AR 18, 182.)  Consequently, the ALJ found Plaintiff unlimited with respect to pushing/pulling, occasionally can climb ropes, ladders and scaffolding, and frequently can use fine and gross manipulation bilaterally.  (AR 13, 18.)

1   Plaintiff challenges the ALJ's finding on the basis that the ALJ rejected the portions of Dr.

2   Khemlina's opinion that are not consistent with the opinions of the State reviewing physicians.

3   Plaintiff asserts that, as non-examining physicians, Dr. To's and Dr. Subin's opinions do not

4   constitute substantial evidence.  Plaintiff's argument fails for two reasons.  First, in rejecting Dr.

5   Khemlina's occasional postural and manipulative limitations, the ALJ never mentioned Dr. To

6   and Dr. Subin.  The ALJ simply found that the record did not support the occasional and

7   postural limitations assessed by Dr. Khemlina.  Second, the ALJ, in giving great weight to the

8   opinions of Dr. To and Dr. Subin, specifically took "into consideration the Claimant's subjective

9   complaints and entire objective record."  (AR 17.)   The opinions of a non-examining physician

10  may serve as substantial evidence when consistent with and supported by other independent

11  evidence in the record.  Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.  Here, they were.

12  Again, the ALJ is responsible for resolving conflicts in the medical evidence.  Andrews,

13  53 F.3d at 1039.  The ALJ's interpretation of the evidence, if reasonable as is true here, should

14  not be second-guessed.  Rollins, 261 F.3d at 857.

15  The ALJ rejected Dr. Khemlina's occasional postural and manipulative limitations for

16  specific, legitimate reasons supported by substantial evidence.

17  **B.     The ALJ's RFC Is Supported By Substantial Evidence**

18  Plaintiff challenges the ALJ's RFC because the ALJ improperly discounted the opinions

19  of Dr. Crounse and Dr. Khemlina.  The Court, however, has ruled that the ALJ properly

20  discounted those opinions for specific, legitimate reasons supported by substantial evidence.

21  The ALJ's RFC is supported by substantial evidence.

22  **II.    THE ALJ'S STEP FOUR FINDING THAT PLAINTIFF CAN PERFORM HIS PAST RELEVANT WORK IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

23  The ALJ determined at step four of the sequential process that Plaintiff is capable of

24  performing his past relevant work as a hospital custodian, both as actually performed by the

25  Claimant and as generally performed in the regional and national economy.  (AR 18-19.)

26  Plaintiff challenges this finding on the basis that he cannot perform his past relevant work

27  because of limitations assessed by Dr. Crounse and Dr. Khemlina.  The Court, however, has

28

ruled that the ALJ properly discounted those limitations for specific, legitimate reasons supported by substantial evidence.  The ALJ's step four determination, then, is supported by substantial evidence.

* * *

The ALJ discounted the opinions of Dr. Crounse and Dr. Khemlina for specific, legitimate reasons supported by substantial evidence.  The ALJ's RFC is supported by substantial evidence.  The ALJ's step four finding that Plaintiff can perform his relevant work as a hospital custodian is supported by substantial evidence.  The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this action with prejudice.

DATED: <u>December 12, 2012</u>          <u>          /s/ John E. McDermott          </u>
                                                                    JOHN E. MCDERMOTT
                                                                    UNITED STATES MAGISTRATE JUDGE